UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:18-CR-0573-B-11 |
| | § | |
| O B THOMPSON, III, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant O B Thompson, III's Motion for Compassionate Release (Doc. 489). For the reasons set forth below, the Court **DENIES** Thompson's motion **WITHOUT PREJUDICE**.

### I.

### BACKGROUND

After Thompson pleaded guilty to possession with intent to distribute a controlled substance, the Court sentenced him to 115 months of imprisonment and three years of supervised release. Doc. 337, J., 1–3. Thompson, who is now thirty-two years old, is serving his sentence at Pollock Federal Correctional Institution (FCI). His statutory release date is January 9, 2027.[1] As of May 17, 2021, Pollock FCI reports one active and 573 recovered cases of COVID-19 among its inmates.[2] On March

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last accessed May 17, 2021).

[2] The Court accessed these statistics from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/ (last accessed May 17, 2021).

30, 2021, Thompson filed the pending motion for compassionate release. Doc. 489, Def.'s Mot., 1. The Court reviews Thompson's motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

A.   *Thompson Exhausted His Administrative Remedies.*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[3]

---

[3] The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

In support of his motion, Thompson provides a copy of the request for compassionate release he sent the warden, dated May 11, 2020, as well as the warden's response denying his request, dated June 15, 2020. Doc. 489, Def.'s Mot., 9–11. He also provides a letter from the warden dated July 1, 2020, denying Thompson's June 22, 2020, Administrative Remedy Request. *Id.* at 12–13. This evidence—particularly the warden's letters denying Thompson's requests—demonstrates "the lapse of 30 days from the *receipt* of such a request by the warden of the defendant's facility." § 3582(c)(1)(A) (emphasis added). Thus, Thompson has satisfied the exhaustion requirement under § 3582 and the Court turns to the merits of his compassionate-release motion. *See Ezukanma*, 2020 WL 4569067, at *2–5.

B.  *Thompson Has Not Demonstrated Extraordinary and Compelling Reasons for Release.*

Regardless of whether Thompson exhausted his administrative remedies, he has not shown "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A). Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See generally id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (citations, quotation marks, and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex.

Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. n.1.[4] However, the Fifth Circuit recently held that § 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 393 (citing § 1B1.13).

While not binding, § 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes an extraordinary and compelling reason for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curium) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]"); *United States v. Contreras*, 2021 WL 1536504, at *4 (E.D. Tex. Apr. 19, 2021) (finding § 1B1.13 informative in evaluating a prisoner's motion in light of *Shkambi*'s holding). Considering Thompson's motion in light of § 1B1.13 and applying the Court's discretion, the Court concludes that Thompson has not demonstrated "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A).

As a preliminary matter, the Court notes that to the extent Thompson raises concerns about the general conditions at Pollock FCI, those concerns do not give rise to extraordinary and compelling circumstances. Thompson complains that COVID-19 "was allowed to come into" Pollock

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1.

FCI as a result of "the [n]eglig[e]nce of" Pollock FCI and "i[m]proper . . . testing[.]" Doc. 489, Def.'s Mot., 14. Even if this were true, it cannot serve as an extraordinary and compelling reason for Thompson's release. While the Court recognizes the unprecedented nature of COVID-19 and the outbreak of the virus in federal prisons across the country, generalized concerns about the spread of COVID-19 within Pollock FCI do not give rise to extraordinary and compelling reasons for release. Rather, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements" about, for example, the propriety of incarceration for all inmates at Pollock FCI. *United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020); *see United States v. Vargas*, 2020 WL 4530429, at *3 (N.D. Tex. Aug. 6, 2020).

Regarding Thompson's individual circumstances, he asserts that compassionate release is warranted because he contracted COVID-19 in January 2020, causing him to "suffer[] severe chest pain, shortness of breath[], loss of taste and smell, diarrhea, sharp back pains, and dizziness." Doc. 489, Def.'s Mot., 15. Additionally, Thompson claims to suffer from a heart condition caused by an enlarged heart, which he claims causes him "shortness of breath, hypervent[ilation], and anxiety." *Id.* He also claims to suffer from "high blood pressure and asthma[.]" *Id.* Thompson provides medical records demonstrating that his heart "appears mildly enlarged" but noting that he does not have "acute cardiopulmonary disease" or "congestive heart failure." *Id.* at 24; Doc. 494, Suppl., 6. The medical records also indicate that he has a history of asthma, but that his asthma may be dependent upon the weather and triggered by hot showers and exercise. Doc. 489, Def's. Mot., 26. Additionally, his medical records note that his "[l]ungs are clear" and that his "[d]izziness and chest pain/tightness [are] unlikely to be related to" Thompson's heart condition. *Id.* at 24–25. Though Thompson's records substantiate many of his alleged medical conditions, these conditions do not constitute

extraordinary and compelling circumstances warranting compassionate release.

As discussed, the Court exercises its discretion to determine whether a prisoner's motion demonstrates extraordinary and compelling reasons for release, but is "guided in [its] analysis by the commentary" to § 1B1.13. *Rivas,* 833 F. App'x at 558. And indeed, the commentary describes situations where compassionate release may be appropriate. For example, medical conditions of the defendant may warrant release where "[t]he defendant is suffering from a terminal illness" or some other "serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." § 1B1.13(1)(A) cmt. n.1(A).

While not binding, this commentary is informative as to when circumstances rise to the level of extraordinary and compelling. The Court does not necessarily require the exact scenarios described in the commentary to § 1B1.13. However, the Court does require an "extraordinary and compelling" circumstance to involve a comparable degree of necessity and urgency. And Thompson has not shown that his heart condition, his asthma, or any other conditions necessitate his release. As his medical records show, Thompson was provided with an Albuterol inhaler for his asthma, which he most recently reports using "only . . . twice in the last 4 months." Doc. 494, Suppl., 10. Thompson also "[d]enies night-time symptoms" and states that his "symptoms are primarily exercise-induced[.]" *Id.* Perhaps most importantly, Thompson's medical records indicate that he can consult medical professionals when needed and has access to adequate care for all of his conditions, including his heart condition and high blood pressure. *See generally id.* The Court does not find that Thompson's medical conditions carry a degree of necessity and urgency such that his release is warranted and thus rejects Thompson's medical conditions as a basis for granting him compassionate

release.

Additionally, Thompson asks the Court to "consider [his] post-sentencing conduct," suggesting that his alleged rehabilitation warrants compassionate release. *Id.* at 16. As discussed, "Congress never defined or provided examples of 'extraordinary and compelling reasons' that might warrant a reduction." *Shkambi*, 2020 WL 1291609, at *3. However, "[i]t provided just one restriction: '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *Id.* (quoting 28 U.S.C. § 994(t)). Thus, Thompson's rehabilitation cannot alone constitute an extraordinary and compelling reason for his release.

Finally, Thompson appears to challenge the sufficiency of his sentence, and suggests that such insufficiency warrants compassionate release. Doc. 489, Def.'s Mot., 3. However, such a challenge is beyond the scope of a motion for compassionate release, as § 3852(c)(1)(A) is not the proper vehicle for challenging a federal sentence. Rather, "[28 U.S.C.] § 2255 is the proper vehicle for challenging the validity of a conviction and sentence[.]" *Hooker v. Sivley*, 187 F.3d 680, 681 (5th Cir. 1999) (citing *United States v. Tubwell*, 37 F.3d 175, 177 (5th Cir. 1994)); *see also Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) ("Relief under [§ 2255] is warranted for any error that 'occurred at or prior to sentencing.'" (quoting *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)). Insofar as Thompson seeks to challenge the sufficiency of his federal sentence, he may do so by filing a proper motion.

Overall, there is nothing before the Court indicating that Thompson's personal circumstances rise to the level of extraordinary and compelling. In the Court's discretion, the Court **DENIES** Thompson's motion **WITHOUT PREJUDICE**.

C.  *The § 3553(a) Factors Weigh Against Release.*

Finally, even if Thompson demonstrated extraordinary and compelling reasons warranting release, the Court must consider the sentencing factors set forth in § 3553, to the extent they are applicable. § 3582(c)(1)(A). Section 3553 requires the Court to consider whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense[.]" § 3553(a)(2)(A). And the Court is not persuaded that these factors support Thompson's request.

After Thompson pleaded guilty to possession with intent to distribute a controlled substance, the Court found 115 months of imprisonment appropriate to serve the goals of § 3553. *See* Doc. 337, J., 1–2. Indeed, at the sentencing hearing, the Court found that a 115-month sentence was appropriate in order to "keep the community safe," ensure a "deterrent effect on others," and "provide just punishment under the circumstances[.]" Doc. 380, Tr., 36:10–15. These circumstances included the severity of Thompson's crime as well as his "lengthy criminal history" that "contain[ed] quite a bit of drug history, as well as a very violent assault[.]" *Id.* at 35:2–3, 13–14.

The Court's finding remains unchanged. With a statutory release date of January 9, 2027, approximately sixty-seven months of Thompson's sentence remain to be served. Compassionate release in this case would not "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment for the offense[.]" § 3553(a)(2)(A); *see also Thompson*, 984 F.3d at 434 (noting that compassionate release is generally granted only for defendants "who had already served the lion's share of their sentences"). The § 3553(a) factors thus weigh against Thompson's release. This is an independent justification to deny Thompson's motion.

## IV.

## CONCLUSION

Thompson's request for compassionate release under § 3582(c)(1)(A) fails because he has not demonstrated extraordinary and compelling reasons for compassionate release and the §3553(a) factors weigh against his release. For these reasons, the Court **DENIES** Thompson's motion (Doc. 489) **WITHOUT PREJUDICE**.

By denying Thompson's motion without prejudice, the Court permits Thompson to file a subsequent motion for compassionate release in the event he can both: (1) provide evidence supporting a finding of extraordinary and compelling reasons for release, and (2) satisfy the exhaustion requirement with respect to those circumstances. Moreover, Thompson must convince the Court that a weighing of the § 3553(a) factors supports his release.

**SO ORDERED.**

**SIGNED: May 17, 2021.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE